IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-cr-00300-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH PRINCE,

    Defendant.

---

## UNOPPOSED MOTION TO CONTINUE TRIAL

---

Defendant, Joseph Prince ("Mr. Prince"), by and through undersigned counsel, David E. Johnson, hereby files this Unopposed Motion to Continue Trial, respectfully asking the Court to extend the pretrial motions deadlines and continue the trial date for 180 days, and in support states as follows:

**I.    Procedural Background**

1.    On June 21, 2018, the government filed a seven (7) count indictment against Mr. Prince, alleging violations of 18 U.S.C. §§ 208(a) & 216(a)(2), willfully acting in a way affecting personal financial interest. *See* Doc. No. 1. On June 26, 2018, undersigned counsel entered his appearance. *See* Doc. No. 9. On June 28, 2018, an arraignment and discovery hearing was held, and Mr. Prince pleaded not guilty to the indictment. Doc No. 12. On July 3, 2018, Mr. Prince was released after a bond release hearing. *See* Doc. No. 15.

2.    On July 5, 2018, undersigned counsel received the initial disclosure of discovery materials from the government. The discovery was produced on a flash drive,

along with an accompanying discovery index. The discovery index itself is 61 pages. Contained within the discovery materials received are approximately 6,000 pages of materials, audio-visual recordings approximately 1 ¾ hours each, and 1,414 audio files of varying length.

3. The written documents consist of: investigative reports, bank records, witness interview reports, letters, photos, and employment-related documents. The audio/video files consist of: audio and videos of interviews, and audio recordings of Mr. Prince.

4. Additionally, the government has indicated to counsel that it has available all of Mr. Prince's work e-mail, which still have to be copied and transferred; as well as the Department of Veteran Affairs having "voluminous recorded calls" by Mr. Prince, most of which are currently unavailable.

5. Further, on July 10, 2018, undersigned counsel was informed that the government has several subpoena duces tecum ("SDT") to serve on Mr. Prince. The earliest counsel could meet with Mr. Prince to discuss this development was on July 18. In fact, July 18, 2018, was the first occasion undersigned counsel had to meet Mr. Prince, as earlier court proceedings had been covered by counsel's colleagues, due to counsel either being on leave in late June, or having preexisting work-related commitments on other of Mr. Prince's hearing days.

6. Following the July 18 meeting, undersigned counsel accepted service of the SDTs on Mr. Prince's behalf. Specifically, the government has served three (3) SDTs on Mr. Prince's businesses, with the SDT response dates currently set for August

7, 2018. Undersigned counsel is working with Mr. Prince on reviewing and complying with the SDTs. However, undersigned counsel has attempted to confer with the government about an extension of time in which he must respond.[1]

## II. Standard for Continuances

6. Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(I)-(iv).

7. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

---

[1] The SDTs were issued by the Court on July 6, with a response date of August 7. However, because of counsel's inability to meet with Mr. Prince, service was not accepted until July 18. Mr. Prince has sought from the government a two (2) week extension of the SDT production date, and the government approved that request.

3

*See* 18 U.S.C. §3161(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

8. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

9. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

**III. Argument**

10. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Prince requests that this Court extend the pretrial motions deadlines and continue the trial for one hundred eighty (180) days.

11. Undersigned counsel requires an additional one hundred twenty (180) days to conduct necessary pre-trial investigation, review the significant and complicated type of discovery, consult with experts, research the statute under which Mr. Prince is charged, and prepare appropriate pre-trial motions, if appropriate.

12. Undersigned counsel spoke to Mr. Prince about the present Motion. Mr. Prince does not object that this Court extend the motions deadline and reset the pre-trial conference and the jury trial dates in order to ensure that his counsel has sufficient time to prepare the case for motions and trial. As a result, he will not be prejudiced by the requested continuance.

13. On July 23, 2018, undersigned counsel contacted the Assistant United States Attorney assigned to the present case, Ms. Anna Edgar. In the late afternoon of July 26, 2018, Ms. Edgar expressed she has no objection to this motion.[2]

14. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation. Further, given the nature of the

---

[2] Counsel notes that Ms. Edgar has been in an ongoing trial since July 9, 2018, which has understandingly made the parties' ability to confer difficult.

prosecution and its discovery, it would be unreasonable to expect counsel to prepare for motions or trial under the currently set dates. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

15. Finally, a continuance for one hundred eighty (180) days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

16. Undersigned counsel has and will continue to diligently pursue the defense of this case. Undersigned counsel's office received discovery July 5. Counsel was out of the office on work-related matters on July 6. Counsel began his review of the discovery the following week, but, given its volume, much of the discovery has not yet been reviewed. In fact, despite diligence, counsel's schedule did not allow him to meet Mr. Prince until July 18. Counsel is currently working with Mr. Prince on complying with three SDT motions. In essence, despite diligence on Mr. Prince's case, a continuance is necessary.

17. The nature and facts of the case, including but not limited to, the amount of evidence, the type of evidence, the location of the evidence, and the necessary consultation, are such that no amount of diligent work can insure effective assistance of counsel under the current deadlines nor prior to the trial date as contemplated by the current speedy trial time-frame.

18. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery, the necessary investigation, as well as the necessary preparation for trial.

WHEREFORE, Mr. Prince respectfully requests that this Court issue an Order extending the motions deadlines and continuing the trial one hundred eighty (180) days.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
David_johnson@fd.org
Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I filed the foregoing *Unopposed Motion to Continue Trial* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Anna K. Edgar, Assistant United States Attorney
E-mail: anna.edgar@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Joseph Prince (via U.S. mail)


s/ David E, Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
David_johnson@fd.org
Attorney for Defendant