# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CASE NO. 1:18-CR-00300-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSEPH PRINCE,

       Defendant.

---

## MR. PRINCE'S UNOPPOSED MOTION TO CONTINUE TRIAL

---

Defendant, Joseph Prince ("Mr. Prince"), by and through Undersigned Counsel, Muhaisen & Muhaisen, LLC, hereby files Defendant Prince's Unopposed Motion to Continue Trial, respectfully asking the Court to extend the pretrial motions deadlines and continue the trial date for 180 days from the current trial-date scheduled to commence on May 28, 2019, and in support states as follows:

**I.**     **Procedural Background**

1.     On June 21, 2018, the government filed a seven (7) count indictment against Mr. Prince, alleging violations of 18 U.S.C. §§ 208(a) & 216(a)(2), willfully acting in a way affecting personal financial interest. *See* Doc. No. 1. On June 26, 2018, Undersigned Counsel entered his appearance. *See* Doc. No. 9. On June 28, 2018, an arraignment and discovery hearing were held, and Mr. Prince pleaded not guilty to the indictment. Doc No. 12. On July 3, 2018, Mr. Prince was released after a bond release

hearing. *See* Doc. No. 15.

2. On July 5, 2018, previous counsel received the initial disclosure of discovery materials from the government, which was voluminous. *See* Doc. No. 19 for description.

3. After the case was set for jury trial to commence on August 27, 2018, Mr. Prince's previous counsel filed an Unopposed Motion to Continue Trial. *See* Doc. No. 19. The continuance was granted, and the trial was reset to February 2019. *See* Doc. No. 21.

4. The Government filed a Superseding Indictment on December 4, 2018, with count(s) 1s-7s, 8s-23s, 24s, 28s-33s, 34s-41s, 42s-44s. *See* Doc. No. 21.

5. On February 8, 2019, Mr. Prince's previous counsel Mr. David Johnson, moved to withdraw as his attorney. *See* Doc. No. 50. The Court granted Mr. Johnson's motion to withdraw on February 8, 2019. *See* Doc. No. 52.

6. Undersigned Counsel entered his appearance for Mr. Prince on March 6, 2019. *See* Doc. No. 53. The case was reassigned to this court division on March 7, 2019. *See* Doc. No. 54.

7. The Government provided Mr. Prince's new counsel discovery on or about March 19, 2018. The discovery was produced on a flashdrive, along with an accompanying discovery index. The Prosecution explained to the court the voluminous nature of the evidence and discovery, including several-hundred hours of audio evidence alone, at the March 13, 2019 hearing before the Court, so Mr. Prince will not list it all out again here in full detail.

8. The written documents in the discovery consist of investigative reports, bank records, witness interview reports, letters, photos, and employment-related documents. The audio/video files consist of hundreds of hours of audio and videos of interviews, and audio recordings of Mr. Prince.

## II. Standard for Continuances

6. Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(I)-(iv).

7. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §3161(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

8.  In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id*. No single factor is determinative. *See id*.

9.  The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.   Argument

10. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Prince requests that this Court extend the pretrial motions deadlines and continue the trial for one hundred eighty (180) days from the current trial date.

11. Undersigned Counsel entered his appearance on March 6th, a mere few weeks before the current trial date. Undersigned Counsel requires an additional one hundred eighty (180) days to conduct necessary pre-trial investigation, review the significant and complicated type of discovery, consult with his client, consult with experts, research the statutes under which Mr. Prince is charged, and prepare appropriate pre-trial motions, if appropriate.

12. Mr. Prince requests that this Court extend the motions deadline and reset the pre-trial conference and the jury trial dates in order to ensure that his counsel has sufficient time to prepare the case for motions and trial. As a result of these intentions, he will not be prejudiced by the requested continuance.

13. On March 20, 2019 Undersigned Counsel contacted the Assistant United States Attorney assigned to the case, Ms. Anna Edgar. Ms. Edgar expressed that she has no objection to this motion.

14. On March 19, 2019 Undersigned Counsel contacted Mr. John Schlie, the attorney of record for Mr. Prince's Co-Defendant Mr. Roland Vaughn, and Mr. Schlie expressed that he and his client have no objection to this motion.

15. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny Undersigned Counsel the

reasonable time necessary for effective preparation. Further, given the nature of the case and volume of discovery, it would be unreasonable to expect counsel to prepare for motions or trial under the currently set dates. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

16.     Finally, a continuance for one hundred eighty (180) days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

17.     Undersigned Counsel's office received discovery 2-3 days before the filing of this motion. Counsel has not had the opportunity to begin review of discovery. A continuance is necessary.

18.     The nature and facts of the case, including but not limited to, the amount of evidence, the type of evidence, the location of the evidence, and the necessary consultation, are such that no amount of diligent work can insure effective assistance of counsel under the current deadlines nor prior to the trial date as contemplated by the current speedy trial time-frame.

19.     The requested extension would serve the requested purpose and allow for the completion of discovery, the necessary investigation, as well as the necessary preparation for trial.

WHEREFORE, Mr. Prince respectfully requests that this Court issue an Order extending the motions deadlines and continuing the trial one hundred eighty (180) days.

Respectfully submitted,

Muhaisen & Muhaisen, LLC

/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen, LLC
1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I filed the foregoing **Unopposed Motion to Continue Trial** with the Clerk of Court via ECF and served the following electronically:

United States Attorney
A.U.S.A. Anna Edgar, Esq.
1801 California Street
Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Fax: (303) 454-0400

/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen, LLC
1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com