IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:18-CR-00300-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH PRINCE,

    Defendant.

---

**MR. PRINCE'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE**

---

Defendant, Joseph Prince ("Mr. Prince"), by and through Undersigned Counsel, Muhaisen & Muhaisen, LLC, hereby moves the Court to modify the conditions of release as outlined below. Counsel for Mr. Prince and the Government have conferred and consulted Defendant's Probation - Pretrial Services Officer, and the parties agree that the conditions of release set forth below will reasonably assure the appearance of Mr. Prince as required. See 18 U.S.C. Section 3142(b) and (c).

**I.**     **Procedural Background**

On June 21, 2018, the government filed a seven (7) count indictment against Mr. Prince, alleging violations of 18 U.S.C. §§ 208(a) & 216(a)(2), willfully acting in a way affecting personal financial interest. *See* Doc. No. 1. On June 28, 2018, an arraignment and discovery hearing were held, and Mr. Prince pleaded not guilty to the indictment. Doc No. 12. On July 3, 2018, Mr. Prince was released after a bond release

hearing. *See* Doc. No. 15.

The current conditions of release for Mr. Prince include, among other things, a $50,000.00 bond secured by an annuity, real estate, or other investments. *See* Doc. No. 16; and the following:

**ORDER SETTING CONDITIONS OF RELEASE**

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

See Doc. No. 17.

Mr. Prince has surrendered his passport. *See* Doc. No. 10. Mr. Prince is currently under GPS home detention which requires him to stay at home with few exceptions. According to Mr. Prince's Pretrial Supervision officer Mr. Carlos Morales, Ms. Prince has been in compliance with all conditions of release, and subsequently Mr. Morales does not oppose this request with the conditions proposed below.

**II. Proposed Conditions of Release**

Mr. Prince requests that the current GPS home-detention be converted to a curfew requirement, which would permit him to leave home and return at a certain time each evening, the curfew determined by the Probation Officer, currently Mr. Carlos Morales. Mr. Prince has agreed not to travel internationally and not to apply for international travel documents (e.g., visas) while on release, and has provided his passport. Attempting to travel internationally without the requisite documentation would be very difficult.

Mr. Prince would still not be able to travel outside of Colorado without approval. Travel within the State of Colorado where this case is and where he resides, for example when his father comes to visit, would also be permissible. However, the Government and Probation could provide a list of locations within Colorado that Mr. Prince would be prohibiting from visiting. Further, Mr. Prince agrees to continue to report on a regular basis to the District of Colorado Pretrial Services as required. Finally, Mr. Prince would provide to Probation, on a monthly basis, documentation to verify his retirement income.

Mr. Prince submits that implementation of these conditions of release, and any other standard release conditions that the Court may impose, will reasonably assure Mr. Prince's appearance as required, and that his continued home detention, and the attendant GPS monitoring should be terminated, and that he be placed under curfew. Defendant does not request any other conditions of bond be modified.

**III. Discussion**

The Bail Reform Act instructs the judicial officer to implement the "least restrictive" condition, or combination of conditions, that will reasonably assure the appearance of the person as required. See 18 U.S.C. Section 3142(c)(1)(B). In this regard, it is important to note that Section 3142 speaks only of conditions that will "reasonably" assure appearance, not guarantee it. *United States v. Xulum*, 84 F.3d 441, 443 (D.C. Cir. 1996) (*per curiam*). The conditions of release imposed on a defendant under a Section 3142(c) order may be amended at any time to impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3).

In the case at bar, the Defendant has proven he can comply with Pretrial Supervision and all conditions of bond. In addition to the financial-surety conditions, Mr.

Prince has also agreed to significant travel restrictions. First, he has already agreed he will not seek to travel internationally. Second, he agrees to limit domestic travel to Colorado, his current state of residency, and where this matter is being heard. Further, Mr. Prince agrees to abide by any reporting requirements imposed by this Court or Pretrial Services. These substantial financial conditions and travel restrictions, in addition to any other standard conditions of release that the Court may wish to impose, will reasonably assure the Defendant's appearance as required. The termination of his home confinement and its attendant GPS monitoring (per Pretrial Services protocols), will permit Mr. Prince to host his 90 year-old father in an upcoming visit, and will reasonably assure his presence in Court and other meetings.

WHEREFORE, Defendant Prince moves to modify his current conditions of release as outlined above.

Respectfully submitted this 25th day of June 2019,

Muhaisen & Muhaisen, LLC

/S/ Wadi Muhaisen_____

Wadi Muhaisen
Muhaisen & Muhaisen, LLC
1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2019, I filed the foregoing **MR. PRINCE'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE** with the Clerk of Court via ECF and served the following electronically:

United States Attorney
Anna Edgar, Esq.
1801 California Street
Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Fax: (303) 454-0400

/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen, LLC
1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com