# EXHIBIT 1



**Department of Veterans Affairs**
**Office of Inspector General**
**Criminal Investigations Division**

## MEMORANDUM FOR RECORD

Date:    June 17, 2019
Appr:    RAC Gavin McClaren

File:    ███████████
Date:    May 13, June 3 and June 6, 2019
By:      SA Don Zirkle

On May 13, 2019, AUSA Anna Edgar and I began policy discussions with Kevin Jobes, Sr., Program Management Officer, Deputy Chief Policy Management Department, and Delaney Heffner, Supervisory Legal Administrative Specialist, Policy Management Department.  AUSA Edgar and I had follow-up discussions with Jobes and Heffner on June 3 and June 6, 2019.  Jobes and Heffner provided the following policy information concerning the Spina Bifida Health Care Benefits Program.

Jobes and Heffner are employed by the Department of Veterans Affairs, Policy Management Department, Veterans Health Administration, Office of Community Care, Policy and Planning (referred herein as "Policy").  Jobes and Heffner are responsible for operational policy as well as the reading of regulations and statutes and applying them to determine what are covered health care benefits under the program.  Jobes has been a supervisor in Policy since 2004.  Heffner was recently promoted to a supervisor but has been working in Policy since 2013.

Jobes and Heffner each provided a copy of their Position Description. **(Attachment A)** Jobes provided a Curriculum Vitae **(Attachment B)** describing his professional work experience.

Under the Spina Bifida Health Care Benefits Program, the authority for Home Health Services is derived from Title 38 USC 1803: Health Care **(Attachment C)**.  This statute defines what health care benefits will be provided as well as the authority for the program.

The Code of Federal Regulations (CFR) Title 38, Chapter I, Part 17, 17.900 – 17.905 **(Attachment D)** provides the program information and explains who is an approved health care provider, appeals, payment, definitions, provisions of health care, covered birth defects as well as those not covered.

The Operational Policy **(Attachment E)** for Spina Bifida Health Care Benefits for Children of Vietnam and Korea Veterans determines who VA will reimburse and is how they consistently apply the program.  This Operational Policy is available on VA's website.

**FOR OFFICIAL USE ONLY**
**(Public Availability to be Determined Under 5 USC 552 and 552a)**

**File Number:** █████████████
**Case Name:**    PRINCE, Joseph

For Home Health Care to be a covered benefit under the Spina Bifida Health Care Benefits Program it: 1) must be provided by a home health agency which is an approved healthcare provider (per 38 CFR 17.901(c) and 17.903(a)(3)), 2) must be for a health related purpose (per 38 USC 1803(c)(3) and 38 CFR 17.900), 3) requires nurse supervision (per Operational Policy Chapter 2, Section 2), and 4) must be under the direction a physician's treatment plan (written plan of care) designating that it is medically necessary (per 38 CFR 17.900).  The health-related services have to be provided in the home or place of residence (per 38 USC 1803(c)(3).  The nurse supervision requirement in the operational policy was derived from best medical practices so that home health aides operate under supervision, a requirement for home health services to be reimbursed as a covered benefit.

Office of General Counsel (OGC) Opinion (VAOPGCADV 5-2013) dated June 13, 2013 was also provided. **(Attachment F)** Even though this OGC Opinion is advisory, Policy has implemented the document and used it as authority for benefit coverage of home health care.

The billing code G0156 for home health aide was provided by Policy because Medicare requires use of the code for home health aide care.  Reimbursement is determined by law, so VA can only provide what is authorized by law (38 CFR 17.903).

As mentioned, home health services are only covered if provided by an approved health care provider as defined by the regulations (38 CFR 17.900).  The regulations do not allow reimbursement for home health services provided by a caregiver who does not meet that definition in the regulations.  Therefore, the services of a mother or father taking care of a child cannot be reimbursed unless they are licensed or certified by the state or otherwise meet the definition of an approved health care provider.  Also, the home health agency must be licensed and cannot be reimbursed for the services of a caregiver unless the agency is an approved health care provider.  Even if a home health agency was licensed or certified by the state as an approved health care provider, if VA were aware they were using an unlicensed person to provide home health services, the agency should not be reimbursed.  Finally, if both the agency and the caregiver are licensed, nurse supervision is still required for reimbursement.

License requirements ensure appropriate care.  These requirements vary by state but in general, there is a requirement for 75 hours of training to get a certificate as a home health aide, among other requirements.

VA has no requirement for a home health agency to have liability insurance.

Jobes was not made aware of any instances where Spina Bifida Beneficiaries needed a higher level of care or extra care because they weren't getting proper care by a family member.  Jobes said, however Policy would not normally be made aware of a situation

P2_INV_00000329

**File Number:** ▮▮▮▮▮▮▮▮▮▮
**Case Name:** **PRINCE, Joseph**

like that.

Jobes was aware of instances where VA denied reimbursement because there was not a signed treatment plan, or the caregiver was not an approved health care provider. An example is for Spina Bifida beneficiary ▮▮▮▮ In another example, VA responded to beneficiary ▮▮▮ that certain adaptive equipment is not a covered benefit under the program. Jobes provided the continuity files on those beneficiaries. **(Attachment G)**

VA would reimburse a single caregiver for up to 24 hours of care in a day, pursuant to a plan of care, if it was medically necessary to ensure the safety of the patient and the care was health related. If a caregiver needed to be there on standby for health-related purposes, in the instance the beneficiary can't be safely left alone, then a caregiver could get paid even if not performing an activity of daily living. The caregiver would not be reimbursed unless they were in the beneficiary's home or residence, therefore, they should not be reimbursed if they were in another home down the street "on call". If a beneficiary can be left alone, then a caregiver can't be paid for just being there or sleeping.

Shopping and transportation are not covered as home health care (38 CFR 17.900 and page 9 of OGC Opinion). There is no reimbursement for companion care outside the home.

A caregiver performing homemaker services cannot bill those services as home health. One person can only be providing one type of service at a time. Two people could do two separate services at the same time.

If services are not performed, one cannot be reimbursed for them. Care has to be provided to be reimbursed. If a caregiver lied and showed they provided care for 18 hours in one day, but actually worked less hours, they should only be paid for the hours worked and care given.

Homemaker Services are covered under 38 CFR 17.900, Operational Policy Chapter 2, Section 2: General Medical Benefits (II)(E) and are also described in the OGC Opinion. The billing code for homemaker services is S5130.

Requirements for homemaker services to be a covered benefit include a plan of care, that it be supervised, and provided by an approved health care provider. They also must be done in the home or residence where the beneficiary lives and be preauthorized. Preauthorization identifies the number of hours acceptable for homemaker services. Generally, 12 hours per week was used as a guideline but they could go above that if a physician says there is a need, however, that would have to go through a nurse's review to be approved.

Shopping and errands outside the home are not reimbursable as homemaker.

**FOR OFFICIAL USE ONLY**
**(Public Availability to be Determined Under 5 USC 552 and 552a)**

**File Number:** █████████████
**Case Name:**   **PRINCE, Joseph**

Bowel and Bladder Care (B&B) provided by a family member is reimbursable but requires a certification of training and is reimbursable only for services actually rendered.  This was not an automatic 4 hours per day as they should only be billing for the time they performed B&B.  When a family member performs B&B, they are only supposed to bill for the services they are providing.  They can't bill B&B care as a family member and duplicate that billing as a home health aide during the same time period.  When VA reimbursed 4 hours per day, it was under the assumption that the family member was actually doing B&B 4 hours each day.  There is nothing in the regulation about B&B, it is under the operational policy and was provided as a result of the spinal cord injury and disorder program for veterans.  The family member needs to either be trained in B&B by the VA or a licensed health care provider.

Skilled nursing care is a covered benefit and to be reimbursed the agency would have to be licensed, the nurse would need to be licensed as an RN and nursing notes may be required.  The operational policy does not give any specific examples of how the notes should look.  Jobes was asked if a wife, who is also a nurse, provided care to her husband, could her services be reimbursed as skilled nursing.  Jobes said there is no policy against that.  VA does not have an average recommended time for wound care.

Retroactive billing is allowed provided the claims are submitted within one year from the date of service (38 CFR 17.903).

If PRINCE or anyone else working in the Spina Bifida Benefits Program had policy questions, they could submit them through PC Duo (software for workflow management), by email, or to Policy via a "walk-in".  No records were kept on walk-ins, however, copies of PC Duo questions submitted by PRINCE, Ira King and other employees concerning Spina Bifida benefits coverage were provided **(Attachment H)**.

Jobes discussed an incident where Ira King and PRINCE sent out information to beneficiaries on how to become a provider.  Jobes was able to find a copy of this information sheet in an appeal from beneficiary █████████ **(Attachment I)**.  In 2016, Jobes had a meeting with PRINCE and King and their supervisor Rob Pickrel.  Jobes recalled that he and Pickrel told PRINCE and King that it was inappropriate and outside the scope of their jobs to tell people how to become a provider.  Jobes also told them that they are telling people they would become an authorized medical provider and they were not.  Jobes told them the requirements to become an authorized provider or approved healthcare provider.  Jobes also provided a policy document he had saved **(Attachment J)** concerning █████████████requesting reimbursement for homemaker and home health aide care as a business entity.  Jobes said he provided PRINCE a copy of this on or about January 25, 2017.

Jobes also provided a copy of the Spina Bifida Health Care Benefits Program Guide **(Attachment K)**.  This guide summarizes the program and covered benefits.

**File Number:**  ███████████████

**Case Name:**   **PRINCE, Joseph**

## ATTACHMENTS:

A. Position Description for Kevin Jobes and Delaney Heffner
B. Curriculum Vitae for Kevin Jobes
C. Title 38 USC 1803: Health Care
D. Code of Federal Regulations (CFR) Title 38, Chapter 1, Part 17, 17.900 – 17.905, dated May 20, 2019
E. Operational Policy Chapter 2, Section 2: General Medical Benefits, dated April 6, 2016
F. Office of General Counsel (OGC) Opinion (VAOPGCADV 5-2013) dated June 13, 2013
G. Reports of Contact for ████████████████
H. PC Duo issues documented for Joseph PRINCE and Ira King
I. Appeal for ███████████ with copy of "STEPS TO BECOME A NEW IN-HOME SERVICES PROVIDER"
J. VHA Office of Community Care policy document
K. Spina Bifida Health Care Benefits Program Guide

**FOR OFFICIAL USE ONLY**
**(Public Availability to be Determined Under 5 USC 552 and 552a)**

P2_INV_00000332